**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Carmen Subia and Raymond Rivera, Defendants,

Of whom Raymond Rivera is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2016-001663

---

Appeal From Chester County
Coreen B. Khoury, Family Court Judge

---

Unpublished Opinion No. 2017-UP-187
Submitted March 29, 2017 – Filed April 27, 2017

---

**AFFIRMED**

---

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Vanessa Cason, of Greenville, and Emily McRee Sordian, of Winnsboro, both for Respondent.

Susan Margaret Johnston, of Columbia, for the Guardian ad Litem.

_____

**PER CURIAM:** Raymond Rivera (Father) appeals an order terminating his parental rights to his two-year-old daughter (Child). On appeal, Father argues the family court erred in finding (1) he failed to remedy the conditions causing Child's removal, (2) he failed to support Child, and (3) termination of parental rights (TPR) was in Child's best interests. We affirm.[1]

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

"Because terminating the legal relationship between natural parents and a child is one of the most difficult issues an appellate court has to decide, great caution must be exercised in reviewing termination proceedings and termination is proper only when the evidence clearly and convincingly mandates such a result." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 455, 639 S.E.2d 165, 168 (Ct. App. 2006). The family court may order TPR upon finding a statutory ground for TPR is satisfied and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2016). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). TPR statutes "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship." S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence showed Father failed to remedy the conditions causing removal. *See* S.C. Code Ann. § 63-7-2570(2) (Supp. 2016) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent and the parent has not remedied the conditions

_____

[1] The family court also terminated the parental rights of Carmen Subia (Mother); she has not appealed.

which caused the removal"). Child was removed after she and Mother tested positive for drugs at Child's birth, and Father tested positive for drugs following Child's removal. Thus, Father had to remedy his drug addiction before reunification could be possible. Despite agreeing on March 5, 2014, to attend drug treatment and being ordered on April 4, 2014, to attend drug treatment, Father waited until December 2014—more than six months—to begin inpatient treatment. Although Father successfully completed inpatient treatment in January 2015, he refused to submit to random drug tests after March 23, 2015. Although Father avers he missed the March 23 drug test due to lack of transportation, his lack of transportation for that test does not explain why he told DSS he would no longer submit to any drug test. Father's refusal to submit to random drug testing made it difficult for DSS to discern whether he remedied his drug addiction and thus whether Child could be safely returned to his home. Thus, Father's refusal to submit to random drug testing was sufficient for the family court to find he failed to remedy the conditions causing removal.

Additionally, clear and convincing evidence showed Father willfully failed to support Child. *See* § 63-7-2570(4) (providing a statutory ground for TPR exists when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child. Failure to support means that the parent has failed to make a material contribution to the child's care. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means. The court may consider all relevant circumstances in determining whether or not the parent has wilfully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support."); *Parker*, 336 S.C. at 256, 519 S.E.2d at 355 ("Whether a parent's failure to visit or support a child is 'willful' . . . is a question of intent to be determined from all the facts and circumstances in each case."). Viewing the support offered in its entirety, we find Father did not provide material support according to his means. Father testified he was a contractor, and there is no indication he was disabled or otherwise unable to work. Notwithstanding that, Felicia Mills, a DSS caseworker, testified Father provided food or clothing at only eight visits between February 2014 and June 2016. Wanda Rogers Vanderford, another DSS caseworker, testified Father provided blankets and clothes in March 2014; a teething ring, snacks, and twenty-five dollars in December 2014; a stuffed animal in July 2015; a purse and stuffed animals in September 2015; some toys in March 2016; clothes, pudding, and hand-picked flowers in April 2016; and food and toys in June 2016. We find the foregoing does not constitute material support.

Further, Father did not offer valid reasons for not providing more support. Although Father stated life was "a struggle," he never averred he was financially unable to provide more support. Rather, he testified he did not provide more support because Child was on WIC, Child never wore the clothes Father provided, and no one told him what Child needed. However, Father could have provided monetary support—in fact, Father sent Child twenty-five dollars in December 2014, which showed he knew how to send money to her.[2] Thus, Father did not offer valid reasons for not providing more support, and we find his failure to provide material support was willful. *See Parker*, 336 S.C. at 256, 519 S.E.2d at 355 ("Whether a parent's failure to visit or support a child is 'willful' . . . is a question of intent to be determined from all the facts and circumstances in each case.").

Finally, viewed from Child's perspective, we find TPR is in her best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the [child is] the paramount consideration."); § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Father's refusal to submit to drug screens after March 2015 left DSS with no way to determine whether he had remedied his drug condition and could care for Child; in light of that, it is questionable whether he remedied his drug addiction such that he can provide a suitable home for Child.

Further, the testimony showed Child was not bonded with Father. Although Father's limited visitation likely impacted his bond with Child, Father did not avail himself of every visit. Vanderford stated Father did not visit between November 2014 and March 2015; visited twice in March 2015; and did not visit between May and July 2015. Mills stated Father attended five of twelve visits since she became the caseworker in January 2016, and he missed visits on January 11, January 18, February 15, March 7, May 2, May 16, and May 23. Father's visitation was sporadic and inconsistent, and Child was not bonded with Father. Based on the lack of bonding between Child and Father, the unlikelihood Father can provide a

---

[2] Father testified he sent Child twenty-five dollars and four ten-dollar money orders while he was in treatment. Regardless of whether Father sent twenty-five dollars or sixty-five dollars, we find it is not a sufficient amount over a two-year period to constitute material support.

suitable home, and Child's need for stability, we find TPR is in her best interest. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . .").

**AFFIRMED.**[3]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.